1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ANDRE RIDER,

11           Plaintiff,                    No. 2:10-cv-0662 KJN P

12      vs.

13  J. WALKER, et al.,

14           Defendants.                   ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17  pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28

18  U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and

19  Local Rule 302.

20          Plaintiff has submitted a declaration that makes the showing required by

21  28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25  direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust

26  account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

1

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

2

1    (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555) (citations and internal quotations marks omitted).

2    In reviewing a complaint under this standard, the court must accept as true the allegations of the

3    complaint in question,  <u>id.</u>, and construe the pleading in the light most favorable to the plaintiff.

4    <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

5            Plaintiff's complaint identifies the defendants and includes a claim for relief.

6    However, the complaint does not contain a short and plain statement of the claims as required by

7    Fed. R. Civ. P. 8(a).  Rather, plaintiff appears to rely on the exhibits to state his claims.  The court

8    cannot determine what claims plaintiff is making against defendants based on the exhibits.

9            Although the Federal Rules adopt a flexible pleading policy, a complaint must give

10   fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Cmty Redev.</u>

11   <u>Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

12   particularity overt acts in which defendants allegedly engaged that support plaintiffs claim.  <u>Id</u>

13   Accordingly, the complaint is dismissed with leave to amend.  If plaintiff files an amended

14   complaint, he must include a short and plain statement describing how each defendant allegedly

15   violated his constitutional rights.

16           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

17   conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

18   <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how

19   each named defendant is involved.  <u>Id</u>.  There can be no liability under 42 U.S.C. § 1983 unless

20   there is some affirmative link or connection between a defendant's actions and the claimed

21   deprivation.  <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d

22   740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation

23   in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir.

24   1982).

25   ////

26   ////

1    In addition, plaintiff is hereby informed that the court cannot refer to a prior

2 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

3 an amended complaint be complete in itself without reference to any prior pleading.  This

4 requirement exists because, as a general rule, an amended complaint supersedes the original

5 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

6 complaint, the original pleading no longer serves any function in the case.  Therefore, in an

7 amended complaint, as in an original complaint, each claim and the involvement of each

8 defendant must be sufficiently alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's request for leave to proceed in forma pauperis, (Dkt. No. 6) is

11 granted.

12    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

13 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

14 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

15 Director of the California Department of Corrections and Rehabilitation filed concurrently

16 herewith.

17    3.  Plaintiff's complaint is dismissed.

18    4.  Within thirty days from the date of this order, plaintiff shall complete the

19 attached Notice of Amendment and submit the following documents to the court:

20    a.  The completed Notice of Amendment; and

21    b.  An original and one copy of the Amended Complaint.

22 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

23 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

24 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

25 ////

26 ////

4

1   Failure to file an amended complaint in accordance with this order may result in the dismissal of

2   this action.

3   DATED:  June 4, 2010

4

5

6

7                                                KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE
8   rid662.14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRE RIDER,

11              Plaintiff,                        No. 2:10-cv-0662 KJN P

12        vs.

13   J. WALKER, et al.,                           NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____       Amended Complaint

19   DATED:

20

21                                                _____

22                                                Plaintiff

23

24

25

26

6