IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RIDER,

    Plaintiff,                  No. 2: 10-cv-0662 KJN P

  vs.

J. WALKER, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel with an action brought under 42 U.S.C. § 1983. On June 4, 2010, the court dismissed plaintiff's complaint with leave to amend. On July 29, 2010, plaintiff filed a first-amended complaint.

        For the following reasons, the amended complaint is dismissed with leave to amend. Named as defendants are J. Walker, Dr. Gyaami, Dr. Paulsen, Dr. Bick, K. L. Dickinson, A. Clark, O. Sorunke, and C. McKenzie. Although not named as defendants in the section of the complaint where defendants are listed, plaintiff also includes allegations against Correctional Officers Glaso and Williams. Plaintiff alleges that he received inadequate dental care and seeks monetary damages.

        The amended complaint alleges that defendants Walker, Gyaami, Paulsen, Bick, Dickinson, Clark and McKenzie are liable for the alleged inadequate dental care because they

1

acted as supervisors and are in charge of dental care.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is basing the liability of defendants Walker, Gyaami, Paulsen, Bick, Dickinson, Clark and McKenzie on the improper theory of respondeat superior. Because plaintiff has not alleged how these defendants were directly involved in his failure to receive adequate dental care, the claims against these defendants are dismissed with leave to amend.

Plaintiff alleges that in May 2009 he was examined by defendant Dr. Sorunke. Following this examination, plaintiff was not called back to the dental department until June 25,

2009 at which time the same procedures were done.  Plaintiff alleges that as a result of his delay in the receipt of dental care, he developed a second cavity and suffered pain.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical or dental care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842.

It is nothing less than recklessness in the criminal sense--subjective standard--

disregard of a risk of harm of which the actor is <u>actually</u> aware. <u>Id</u>. at 838-42. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id</u>. at 837. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id</u>. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Id</u>. at 842. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. <u>Id</u>. at 840-42. However, obviousness <u>per se</u> will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. <u>Jackson v. McIntosh</u>, 90 F.3d 330 (9th Cir. 1996); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to <u>competently</u> treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. <u>Id</u>.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. <u>Shapley v. Nevada Bd. of State Prison Com'rs</u>, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. <u>McGuckin</u>, 974 F.2d at 1060, citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1339-1340 (9th Cir. 1990). A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. <u>McGuckin</u>, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." <u>McGuckin</u>, 974

F.2d at 1061.

In his amended complaint plaintiff does not allege how defendant Sorunke was responsible for his delay in the receipt of further dental care. Plaintiff does not allege, for example, that defendant Sorunke ordered further treatment but failed to follow-up to ensure that it was received. Because plaintiff has not alleged sufficient facts on which the court can find that defendant Sorunke acted with deliberate indifference to plaintiff's dental needs, the claims against this defendant are dismissed without prejudice.

Plaintiff alleges that at his second dental examination on June 25, 2009, defendant Correctional Officer Glasco told plaintiff to return to his cell for a count while he was still waiting for the results of the x-rays. Plaintiff alleges that by ordering him to return to his cell, defendant Glasco interfered with his receipt of dental care. Plaintiff alleges that Close B custody inmates do not have to be counted at noon and that defendant should have placed plaintiff on "outcount." Plaintiff alleges that after the count, he was released from his housing unit to return to the dental clinic. At that time, defendant Correctional Officer Williams told plaintiff that his appointment had been cancelled and that he would be rescheduled for another appointment.

Plaintiff does not allege that either defendant Glasco or Williams was aware of his alleged serious dental needs at the time they allegedly interfered with his dental appointments. For that reason, plaintiff has not demonstrated that they acted with deliberate indifference to his serious dental needs. Moreover, it appears that defendants Glaso and Williams were not primarily responsible for the alleged delay in plaintiff's receipt of dental care. For these reasons, the claims against these defendants are dismissed with leave to amend.

For the reasons discussed above, the amended complaint is dismissed with leave to file a second amended complaint.

////

////

////

Accordingly, IT IS HEREBY ORDERED that the first amended complaint filed July 29, 2010 is dismissed with twenty-eight days to file a second amended complaint; failure to file a second amended complaint within that time will result in dismissal of this action.

DATED: August 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rid662.ord