IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW RIDER,

    Plaintiff,                      No. 2: 10-cv-0662 KJN P

    vs.

J. WALKER, et al.,

    Defendant.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint filed September 22, 2010. For the following reasons, the second amended complaint is dismissed with leave to amend.

        Plaintiff again alleges that he received inadequate dental care. Named as defendants are dentists Dr. Paulsen, Dr. Sorunke and Dr. Gyaami. Plaintiff generally alleges that these defendants provided inadequate dental care. Plaintiff also alleges that these defendants are liable for his inadequate dental care because they supervise other dentists.

        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

1

> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has not adequately linked each defendant to his claims of inadequate dental care.  Plaintiff does not allege the specific acts or omissions by the defendants that violated his constitutional rights.  In addition, plaintiff is basing the liability of defendants on their positions as supervisors.  As discussed above, supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of respondeat superior.  For these reasons, the second amended complaint is dismissed with leave to amend.

The undersigned also observes that in the second amended complaint, plaintiff refers to the attached exhibits in support of his claims.  Plaintiff may not rely on exhibits to state his claims.  Without being overly long, a third amended complaint must include the specific allegations against each defendant.

For the reasons discussed above, plaintiff is granted one final opportunity to submit a colorable complaint.

Accordingly, IT IS HEREBY ORDERED that the second amended complaint filed September 22, 2010 is dismissed with thirty days to file a third amended complaint; failure to file a third amended complaint within that time will result in dismissal of this action.

DATED: October 5, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rid662.am(2)