IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RIDER,

      Plaintiff,                    No. 2: 10-cv-0662 JAM KJN P

    vs.

WALKER, et al.,

      Defendants.           ORDER

/

        For the following reasons, defendants' October 20, 2011 motion to compel is granted.

        On October 20, 2011, defendants filed a motion to compel. Plaintiff failed to file an opposition. Accordingly, on December 7, 2011, the undersigned granted plaintiff fourteen days to show cause for his failure to respond to defendants' motion.

        On December 19, 2011, plaintiff filed a letter stating that he cannot read or write. Plaintiff states that he is ready to "move forward." Plaintiff's letter does not address defendants' motion to compel.

        In the motion to compel, defendants state that plaintiff wrongfully terminated his deposition based upon his meritless objection that he cannot be supervised by a correctional staff member during a deposition. Defendants state that on October 14, 2011, after defense counsel

1

took plaintiff's deposition for one hour under the supervision of a correctional staff member, plaintiff suddenly objected to the presence of correctional staff. The correctional staff member attending the deposition was Correctional Counselor Olivarria. After defense counsel explained to plaintiff that the correctional staff member was properly supervising the deposition, plaintiff refused to discuss the matter and walked out of the room.

In the motion to compel, defendants state that Correctional Counselor Olivarria attended the deposition to supervise plaintiff and protect defense counsel and the court reporter. Defendants state that during the deposition, plaintiff was not wearing restraints. Defendants also state that plaintiff has a history of violence including spousal abuse, terrorist threats and attempted arson. Defendants also state that plaintiff has a significantly larger build than defense counsel and the court reporter. Defendants also state that the prison where plaintiff is incarcerated does not have the necessary equipment to conduct plaintiff's deposition by videoconferencing. Defendants request that plaintiff be ordered to continue his deposition under the supervision of correctional staff.

Based on the record described above, defendants are entitled to have reasonable security personnel attend plaintiff's deposition. Plaintiff had no grounds to object to the attendance of Correctional Counselor Olivarria at his deposition. Accordingly, defendants' motion to compel is granted. Plaintiff is ordered to complete his deposition which may be attended by reasonable security personnel.[1]

On December 12, 2011, defendants filed a motion to vacate the deadline for dispositive motions until the court rules on the motion to compel. Defendants state that they cannot file a dispositive motion prior to deposing plaintiff. The dispositive motion cut-off date is December 21, 2011. Good cause appearing, defendants' motion to vacate the dispositive motion cut-off date is granted.

---

[1] Defendants do not seek monetary sanctions because plaintiff is indigent.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Dkt. No. 43) is granted;

2. Defendants shall complete plaintiff's deposition within sixty days of the date of this order; reasonable security personnel may attend the deposition; if plaintiff refuses to participate in his deposition, this action may be dismissed;

3. Defendants' motion to vacate the deadline for filing dispositive motions (Dkt. No. 46) is granted; the dispositive motion cut-off date is re-set to April 6, 2012.

DATED:  December 29, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rid662.ord